**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CECIL SOFIA ZELAYA REYES; et al., | No. 12-71233 |
| Petitioners, | Agency Nos.    A089-666-276 |
| v. | A089-666-277 |
| | A089-666-278 |
| LORETTA E. LYNCH, Attorney General, | A089-666-279 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 11, 2015
San Francisco, California

Before: CHRISTEN and WATFORD, Circuit Judges, and ROTHSTEIN,[**] Senior
District Judge.

Cecil Sofia Zelaya Reyes, a native and citizen of Honduras, petitions for

review of the BIA's dismissal of her appeal from an IJ's decision denying her

application for asylum and withholding of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

**1.** The BIA concluded that Reyes has established neither past persecution nor a well-founded fear of future persecution. We need not decide whether substantial evidence supports the conclusion that Reyes failed to establish past persecution. We conclude that substantial evidence does not support the conclusion that Reyes failed to establish a well-founded fear of future persecution. Reyes has presented "credible, direct, and specific evidence" supporting her reasonable fear of future persecution in Honduras. *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (citing *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999)). Her husband intercepted a dangerous drug trafficker, Alex Adan Montes Bobadilla, and her family came under threat right before her husband was to testify against Bobadilla's associates. Reyes feared that Bobadilla's return to Honduras might trigger an obligation on the part of her husband to testify against Bobadilla himself, which could put her and her family in grave danger. The IJ found both Reyes' and her husband's testimony credible.

That Reyes was not attacked or threatened for two and a half years before she left Honduras does not fatally undermine her claim. *See Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000). With Bobadilla at large in South America, the prospect of Reyes' husband testifying against him remained remote. Bobadilla's extradition to Honduras created a reasonable possibility that Reyes' husband would be called

to testify, and such a possibility is enough to establish a well-founded fear of future persecution.  *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 431, 439–40 (1987).

We leave to the BIA to determine on remand, in accordance with its customary evidentiary procedures, whether Bobadilla's reported death impacts the persecution analysis.

**2.**  Because the BIA did not reach the question whether Reyes is a member of a particular social group for asylum purposes, we remand the case to the BIA to make that determination in the first instance.  *See INS v. Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**